Page 1 of 3

mailed To U.S.AG @ 6-6-05 pm

Remailed To U.S. District Court 6-18-05

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

James J. Silva — CASE # 04-361-S
05-109-S

v.

A.T. Wall, Director
of Prisons, et al.

Motion To Sieze Jurisdiction for Pre-Trial Habeas Corpus Relief.

Affidavit:

This Petitioner has kept This Honorable U.S. District Court current in/re To A.G. Steven Regine's corrupt criminal efforts as he violates virtually every U.S. Constitutional Right of This petitioner on his vindictive Crusade. which began on 7-28-04.

On May 2nd 2004, The Honorable Magistrate Joseph Keough relenquished jurisdiction over These matters P204-3106A and P205-0362A so They could be decided by The Two Habeas Corpus Petitions, case #s 05-109-S and 04-361-S.

Not happy with This decision A.G. Steven Regine went Judge Shopping and on May 19th 2004 with no prior notice I was Habeased into The Providence Superior Court where instead of appearing before Judge Susan McGuirl on pre-Trial motions That are docketed, I was brought before Judge Mark Pfieffer.

After explaining The May 2nd hearing before Magistrate Keough To Judge Pfieffer he responded. I am not bound by Magistrate Keough's

page 3 of 3

James J. Silva
Pro Se

CERTIFICATION.

I do hereby certify That on This The day of June, 2005, I did mail a True and accurate copy of The following 3 page motion and 14 page exhibit to The Office Of The Attorney General at 150 South Main St. Providence, RI. 02903.

James J. Silva

James J. Silva. 66350
ISC. F-207 -Bottom
PO. Box 8249
Cranston, RI.
02920

June 18th 2005.
Remailed

decisions and as he determined That no plea agreements were possible Took it upon himself To skip The pre-Trial Calendar all Together and pushed me onto The Trial Calender for June 2005. However" he did state That my motions That were before Judge McGuirl would be heard.

AG. Steven Regine's Corruption and Criminal Acts are evident (See exhibits 1-14)(enclosed) and continue.

[W]herefore,

This Petitioner moves This Honorable U.S. District Court To sieze Jurisdiction immediately To vindicate All This Petitioner's U.S. Constitutional Rights.

Why Judge William E. Smith has Taken no action on 04-361-mh or 05-109-S since January of 2005 when a Writ of Habeas Corpus is supposed To be The prompt and efficacious remedy for all unlawful State actions and To Correct miscarriages of Justice within its reach Remains a mystery.

Magistrate Lincoln D. Almond has previously mis-stated The younger doctrine and suppressed evidence and claims of This Petitioner on Case # 04-170-S and as such I once again claim he is a conflict of interest at The very least.

Respectfully
Submitted,

Dated June 1st 2005

mailed to U.S. AG. 6-6-05 PM.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CASE # 04-170-S
04-361-S
05-109-S

James J. Silva

v.

Rhode Island Family Court, et al.

v.

A. T. Wall, et al.

CASE # 04-361-S
05-109-S
05-148-ML

Supplemental Exhibits in
Support of Collusion and Corrupt Conduct

Second copy
Exhibit 04-361-S
05-109-S

STATE of Rhode Island and Providence Plantations
Providence, Sc. Superior Court
STATE of Rhode Island P3/

v.

James J. Silva

CASE # 04-3106A
05-0362A

Exhibits in Support of Motions,
Affidavit.

Dated May 9th 2005.

James J Silva
Pro/se.

PETITIONER'S exhibit (#10) (a)(b)(c)

AFFIDAVIT:

As per The police report petitioner was arrested at home in N. Smithfield as a result of a "Ruse" by Detective Napolean Gonsalves.

A warrant application was forwarded to Pawtucket's prosecution Beareau "However" because The petitioner was arrested within 24 hours as provided for in R.I.G. Laws 12-29-3-(b)(3) This warrant was never put to a Judge.

Detective Napolean Gonsalves swore to This in his September 30th 2004, signed sworn officer's witness statement and consistant with This in his 7/28/04, 7/29/04, police officer's narrative.

On October 7th and 12th of 2004, Detective Napolean Gonsalves under oath at a bail violation and Criminal contempt hearing Testified consistant to his narrative and signed sworn Officers witness statement.

The defendant James J Silva Testified That he had asked N. Smithfield if They had a warrant and They said "No, we don't need one". A.G. Steven Regine Then hammered home The fact That defendant was arrested within The 24hrs required by 12-29-3 (b)(3).

NOTE: There were no active No-Contact-Orders issued out of The Providence Superior Court and none was ever issued on Dec. 3rd 2003 as The warrant affidavit reflected; and no warrant was ever signed by a Judge.

Pawtucket Police Department



NARRATIVE FOR DETECTIVE NAPOLEON A GONSALVES

Ref: 04-5737-OF

Entered: 07/28/2004 @ 1126 Entry ID: 0804
Modified: 07/28/2004 @ 1126 Modified ID: 0804

A warrant was prepared and forwarded to Prosecution.

STATE OF
RHODE ISLAND
AND
PROVIDENCE
PLANTATIONS

**AFFIDAVIT AND ARREST WARRANT**

## AFFIDAVIT

| AFFIANT | AGENT OF |
|---|---|
| | The Pawtucket Police Department |
| DEFENDANT | ADDRESS NO. STREET CITY/TOWN STATE |
| Silva, James J alias | Unknown, Smithfield, RI |

**AFFIDAVIT**

Your affiant upon oath states that he has reason to believe and does believe that grounds for issuance of an arrest warrant exists and states the following facts on which such belief is founded:

On July 27, 2004, the Pawtucket Police were contacted by Barbara Cayer in regards to a violation of a no contact order. Ms. Cayer informed the responding police officer that she received a telephone call at work on the business phone of the Newport Upper Deck Restaurant, in Pawtucket. The caller asked for, Dan Cesario (Ms. Cayer's boyfriend), and she informed the caller that he wasn't available. The caller then stated "Fuck You Bitch", and ended the phone call. Ms. Cayer then realized that the caller was her ex-husband, James Silva. A No Contact Order had been issued by Providence Superiour Court on Dec. 19, 2003 to the defendant restraining him from having contact with Ms. Cayer. The defendant has two previouse Rhode Island Domestic Violence Convictions. Based upon the listed facts your affaint prays that an arrest warrant be issued for the defendant for violating the No Contact Order, 12-29-4, and 12-29-5, Domestic Violence Prevention Act, of the Rhode Island General Laws.

☒ IF SPACE IS NOT SUFFICIENT, CHECK (X) HERE AND ATTACH ADDITIONAL INFORMATION

AFFIANT
X

| SUBSCRIBED AND SWORN TO BEFORE ME AT (CITY/TOWN) | DATE | JUDGE OF DISTRICT COURT, JUSTICE OF SUPERIOR COURT, OR ANY OTHER AUTHORIZED OFFICER |
|---|---|---|
| | | X |

## ARREST WARRANT

| STATE, EX REL | CITY/TOWN | COUNTY | DATE OF BIRTH | DIVISION | WARRANT DATE |
|---|---|---|---|---|---|
| | Pawtucket | Providence | 5/5/53 | 6th RHODE ISLAND DISTRICT COURT | |

| VS. DEFENDANT | ADDRESS NO. STREET CITY/TOWN STATE |
|---|---|
| Silva, James J. alias | Unk, Smithfield, RI |

TO ANY AUTHORIZED OFFICER: Affidavit (and complaint) having been made to me under oath, and as I am satisfied that there is probably cause for the belief therein set forth that grounds for issuing an arrest warrant exists, you are hereby commanded to arrest the defendant forthwith and to bring him before a judge of this court without unnecessary delay.

| BAIL | SURETY | DATE SIGNED | JUDGE OF DISTRICT COURT, JUSTICE OF SUPERIOR COURT, OR ANY OTHER AUTHORIZED OFFICER |
|---|---|---|---|
| $ | ☐ with ☐ without | | X |

## RETURN OF SERVICE

I have apprehended the within named defendant and have presented him/her before the court as herein commanded.

| SERVICE | MILEAGE | DATE OF RETURN | AUTHORIZED OFFICER |
|---|---|---|---|
| $ | $ | | X |

Pawtucket Police Department



NARRATIVE FOR DETECTIVE NAPOLEON A GONSALVES

Ref: 04-5737-OF

Entered: 07/28/2004 @ 1126 Entry ID: 0804
Modified: 07/29/2004 @ 0848 Modified ID: 0804

---

A warrant was prepared and forwarded to Prosecution. Contacted N.Smithfield P.D. to attempt to locate the suspect at 65 N. Main St., N. Smithfield, RI., they later informed me that the address did not exist. I later telephoned the number for Mr. Silva by Det. Feeley. I spoke to a woman, who then let me talk to Mr. Silva.

Mr. Silva provided me his new address. I informed him that I wanted to meet with him to talk to him in regards to his complaints about Det. Devine. He agreed to meet with N. Smithfield P.D., and then be transported to the Pawtucket Police Dpt.

I notified N.Smithfield P.D. who agreed to take Mr. Silva into custody. I faxed over a copy of the report to N. Smithfield P.D. They later informed me that they had taken Mr. Silva into custody. Det. Matook arranged for 2nd Platoon to take custody of Mr. Silva from N. Smithfield.

The following morning I attempted to interview Mr. Silva, and he informed me that he would not be giving me a statement.

PETITIONER'S exhibit (#11)

AFFIDAVIT:

ON 7-28-04 2 PAWTUCKET Police OFFICERS PEREZ AND SILVA were dispatched To The N. Smithfield Police Department who had Taken Silva into custody without A WARRANT pursuant TO 12-29-3 (b)(3).

NOTE: ON A 24 hour.

NOTE: PEREZ AND Silva's signed sworn police officer WITNESS STATEMENTS ARE absent FROM discovery.

**Pawtucket Police Department**



NARRATIVE FOR OFFICER RAFAEL A PEREZ JR

Ref: **04-2144-AR**

| | | | |
|---|---|---|---|
| Entered: | 07/28/2004 @ 1834 | Entry ID: | 1699 |
| Modified: | 07/28/2004 @ 1949 | Modified ID: | 0709 |
| Approved: | 07/28/2004 @ 1949 | Approval ID: | 0709 |

On 28JL04 at approximately 1730 Hours Car 209 Officer Perez and Officer Silva were dispatched to N. Smithfield Police Station to pick up a prisoner (James J. Silva DOB 5/5/53) who was wanted by our department for Violation of a No Contact Order on a 24 hour.

Car 209 Officer Perez and Officer Silva transported Mr. Silva without incident to the Pawtucket Police Station, where he was viewed by Sergeant Crawley, searched, processes and place into cell #3.

Refer to report # 04-5737-OF.

Petitioner's exhibit (#12)

Affidavit :

ON September 30th 2004, Detective Napolean Gonsalves in his signed sworn Police Officer's witness statement swears consistant to the warrantless arrest.

NOTE. I prepared a warrant and forwarded to the prosecution unit [@ 11:26 AM] "However", the defendant was contacted, and it was arranged for him to be taken into custody by Smithfield P.D. within the 24 hour period following the incident, in accordance with the Rhode Island Domestic Violence Protection Act.

R.I.G.L. 12-29-3 (b) (3)

# WITNESS STATEMENT

Cr# 04-6964-OF

Time: 2;25 p.m.

Date: Sept. 30, 2004

Place: Pawtucket Police Dpt.

*I.* Napoleon Gonsalves *,voluntarily,*

*without threats or promises, make the following statements:*

Q. **What is your name ?**

A. Napoleon Gonsalves

Q. **What is your date of birth?**

A

Q. **What is your present address?**

A. 121 Roosevelt Ave., Pawt.,RI
727-9100 ext. 761

Q. **What is your occupation?**

A. Detective

On July 28, 2004, I was assigned a Violation of No Contact Order case involving a Barbara Cayer and James Silva. After reviewing the report I prepared a warrant and forwarded to the Prosecution Unit. However the defendant was contacted, and it was arranged for him to be taken into custody. The defendant was taken into custody by Smithfield P.D. within the 24 hour period following the incident, in accordance with the Rhode Island Domestic Violence Prevention Act. He was transported to the Pawtucket Police Department. I attempted to interview Mr. Silva in regards to the complaint, but he refused.

On Sept. 9, 2004, I was assigned a threats complaint involving Mr. Silva. Daniel Cesario whom currently lives with Barbara Cayer reports that he received two letters from Mr. Silva. Both letters were addressed from Mr. Silva, and was threatening in its content. The letters were post marked July 28, 2004 and Sept. 8, 2004.

On Sept. 21, 2004, a witness statement was taken from Mr. Cesario. Mr. Cesario also turned over at that time another letter from Mr. Silva that was post marked Sept. 16, 2004. The letter was seized and tagged as evidence.

Signature

Statement taken by ____________________

Witnesses: ____________________

____________________

Petitioner's exhibit (#13)

Affidavit:

even Though Detective Napolean Gonsalves Testified on October 7th and 12th of 2004, consistant with his narrative and signed sworn witness statement as to The "Ruse" and warrantless arrest months later when This petitioner finally got a copy of The Criminal Information That "Ex Attorney General", Mark Smith had witheld from him Detective Napolean Gonsalves now swears;

Note: A warrant was "prepared and signed" in district Court for violation of a protection order.

he is no longer claiming I was arrested for violating The No-Contact-Order issued by The Providence Superior Court on December 19th 2003. he is using The ambiguous phrase, "Protection Order".

Detective Napolean Gonsalves is nailed in perjury and AG Steven Regine is involved in The Solicitation, Procuration, and or Subornation of That Perjury as well as The Tampering and fabrication of evidence.

CERTIFICATION

I, the undersigned, hereby swear and certify that I have mailed a true and correct copy of the foregoing [redacted] to the Attorney General's Office, 150 South Main Street, Providence, RI, 02903, on the 10Th day of MAY 2005.

@ NOON.

James J Silva
(Defendant, Pro Se)

James J. Silva - 66350
ISC H-235-BOTTOM
PO. BOX 8249
CRANSTON, RI. 02920

[redacted] [redacted]