Page 1 of 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

James J. Silva                                        CASE #S 04-361-S
v                                                              05-109-S
A.T. Wall, et al.

MOTION FOR REMOVAL [pursuant to § 1446]

Now comes The petitioner in The above entitled matters and hereby moves This Honorable U.S. District Court To remove Criminal Informations #s P204-3106A and P205-0362A frome The State of Rhode Island and assume jurisdiction.

In support of This motion Petitioner offers The following:

[July 28th 2004]

I. On 7-28-04 petitioner was arrested pursuant to R.I.G.Laws 12-29-3 section (b)(3) which provides for a warrantless arrest within 24 hours on a domestic related offense.

Pawtucket Police Officer's Perez and Silva corroborate This in Their 7-28-04 police Officer's narrative, Pawtucket Detective Napoleon Gonsalves corroborated, verified, and swore [redacted] To This in his 9-30-04 witness statement and Testified consistant To This on 10-7-04 and 10-13-04.

On 10-7-04 Defendant's counsel moved To dismiss complaint #6304-14367 as no -no-contact- Order had been issued pursuant To 12-29-4 on December 19th 2004 as per The allegations in The complaint for which defendant was arrested on 7-28-04.

Judge Patricia Moore ruled That a no-contact order and a domestic abuse protection order issued pursuant To 15-15-3 were

The same and denied defendant's motion to dismiss. Mark Smith Timely objected.

That decision was contrary to and an unreasonable application of The Rhode Island Supreme Court's decision in, State v. Thomas Cartee, 847, A2d 644, 645 (2003) as follows.

8. SENTENCE AND PUNISHMENT ⚿ 1260 - We are of The opinion That a no-contact order and a domestic abuse restraining order, although intended to accomplish The same result, ARE NOT THE SAME.

[September 16th 2004]

II. On 9-16-2004, A.G. Steven A. Regine presented This defendant as a bail violator and sought to adjudicate him in Criminal Contempt pursuant to Rules 46(g+e) and Rules 42(b) Knowing defendant was still confined and had not posted nor been released on bail.

On 9-30-2004, 14 days later defendant brought to The attention of Judge Elaine Bucci, Mello v Superior Court et al. which holds, While we eschew The Temptation to formulate a neat schedule of minimum and maximum Time frames, we do find That a 2 week delay, absent a defendant's consent, is not To be Tolerated. (Mello v. Superior Court et al. 370 A2d 1263 (1977 R.I.) If The State wishes To urge bail [A589] revocation, The State must be prepared To act forthwith.

Judge Elaine Bucci responded, "I don't agree with That" and scheduled a violation and criminal contempt hearing for October 7th 2004.

III. On October 7th 2004, defendant was arraigned on

ONE COUNT OF STALKING DANIEL CESAREO IN VIOLATION OF 11-59-3 OF THE R.I.G. LAWS PRIOR TO BEGINNING THE BAIL REVOCATION AND CRIMINAL CONTEMPT HEARING. [STALKING CASE # 04-18930]

DEFENDANT'S COUNSEL MARK SMITH ARGUED THE MOTION TO DISMISS REFERED TO IN SECTION (I). DETECTIVE NAPOLEAN GONSALVES TESTIFIED CONSISTANT WITH THE WARRANTLESS ARREST AND TO THE STALKING ALLEGATION, DANIEL CESAREO TESTIFIED IN/RE TO THE STALKING ALLEGATION, AND JAMES J. SILVA TESTIFIED AS TO THE WARRANTLESS ARREST ON 7-28-04. HEARING WAS CONTINUED TO OCTOBER 12TH 2004.

OCTOBER 12TH 2004. HEARING CONTINUES AGAIN BEFORE JUDGE PATRICIA [redacted] MOORE. DETECTIVE NAPOLEAN GONSALVES RE-TAKES THE STAND AND OFFERS ADDITIONAL TESTIMONY IN/RE TO THE STALKING ALLEGATION, DANIEL CESAREO RETAKES THE STAND AND OFFERS ADDITIONAL TESTIMONY AS TO THE STALKING ALLEGATION, AND BARBARA E. CAYER TAKES THE STAND AND TESTIFIES IN/RE TO THE STALKING AND NO-CONTACT-ORDER ALLEGATIONS WHILE IDENTIFYING THE HANDWRITING ON ALL THE LETTERS WHICH WERE THE BASIS OF THE STALKING ALLEGATION.

THE STATE RESTED ITS CASE. JUDGE MOORE ORDERED BOTH THE STATE AND DEFENSE COUNSEL TO PREPARE AND SUPPLY MEMORANDUMS OF LAW IN SUPPORT OF THEIR POSITIONS. AS NO ONE WHO HAS NOT POSTED BAIL AND BEEN RELEASED EVER BEEN PRESENTED [redacted] OR FOUND TO BE A BAIL VIOLATOR AND THEREFORE IN CRIMINAL CONTEMPT OF THE COURT'S ORDER.

BEFORE CONCLUDING FOR THE DAY MARK SMITH EXPLAINS THAT HE HAS NOT [redacted] HAD AN OPPORTUNITY TO SUBPOENA WITNESSES FOR A DEFENSE AS MONDAY WAS A HOLIDAY. THE HEARING IS SCHEDULED TO CONTINUE ON 11-9-04 WHEN THE DEFENSE WOULD PRESENT THEIR CASE.

ON November 9th 2004, Detective Napolean Gonsalves and Attorney General Steven A Regine are present in a virtually empty Courtroom. Defendant's counsel Mark Smith is not present.

Asst Attorney General Steven Regine Then orally moved Judge Patricia Moore to withdraw The Bail violation and criminal Contempt hearing. Defendant vehemently objected claiming he had been placed in jeopardy as witnesses had Testified, evidence had been submitted, and The State had rested.

Judge Patricia Moore allowed The State To withdraw Their violation of bail and Criminal Contempt prosecution pursuant To Rules 46 g+e and Rule 42 b.

This decision was contrary To and an unreasonable Application of The following; Roger Fain v Ed Duff ETc. 488 Fed 218 1973); Breed v. Jones, 421 U.S. 519; 95 S.CT. 1779; 44 LEd 2d 346; 1975); David A. Perry v. Virginia C. Beecher, 2004 D.N.H. 73) Blacks Law dictionary. 6Th Edition; for The purpose of Constitutional Prohibition against Double-Jeopardy, a proceeding which may result in incarceration places a person, adult or juvenile, in Jeopardy. (Fain v. Duff, 488 Fed 218 1973)

This decision was also contrary To and an unreasonable application of; Colombo v. New York, 405 U.S. 9; 92 S.CT. 756; 30 LEd 2d 763; 1972); Menna v New York, 423 U.S. 61; 96 S.CT. 241; 46 LEd 2d 195; 1975); and United States v Alvin Dixon and Michael Foster, 509 U.S. 688; 113 S.CT. 2849; 125 LEd 2d 556; 1993) which hold, [***LEDHR6B] We have held That HN-3 constitutional protections for criminal defendants other Than The double-Jeopardy provision apply in

NON-SUMMARY CRIMINAL CONTEMPT [***18] prosecutions just as They do in other criminal prosecutions. See, eg. Gampers v Bucks Stove and Range Co. 221 U.S. 418, 444, 55 L.Ed 797, 31 S.Ct. 492 1911)(presumption of innocence, proof beyond a reasonable doubt, and guarantee against self-incrimination); Cooke v. United States, 267 U.S. 517, 537, 69 L.Ed 767, 45 S.Ct. 390 (1925) notice of charges, assistance of counsel, and right to present a defense.); In re Oliver, 333 U.S. 257, 278, 92 L.Ed 682, 68 S.Ct. 499 (1948)(Public Trial) We Think it obvious and Today hold, That The protection of The Double-Jeopardy Clause likewise Attaches. Accord. Menna v New York, 423 U.S. 61, 46 L.Ed 2d 195, 96 S.Ct. 241 (1975)(Per Curium); Colombo v. New York, 405. U.S. 9; 30 L.Ed 2d 762, 92 S.Ct. 756 (1972) (per curium).

(October 14th 2004)

IV. On 10-14-2004, with no prior notice defendant is Habeased into 6th Division District Court where his counsel Mark Smith is waiting in Courtroom 5-6, Magistrate William MacAtee presiding over 6204-14367 The 7-28-04 No-Contact-Order [redacted] violation allegation. Mark Smith defendant's counsel makes a comment, "This renders The bail revocation and criminal contempt issue moot". Defendant is arraigned without having a P.A.C. conference or The adversarial preliminary examination he had filed per pursuant To Rule 5-C.

Mark Smith hands his client The Criminal Information P204-3106A, But Then immediately Took it back. It would not be returned until after November 30th 2004. Subsequent pre-Trial investigation revealed why.

Page 6 of 19

(a) - IN AN ATTEMPT TO COVER UP A "GERSTEIN VIOLATION" SOMEONE TAMPERS WITH THE CRIMINAL DOCKET REPORT 6204-14367 TO REFLECT; SCHEDULED DATES.

| DATE | EVENT | LOCN. |
|---|---|---|
| 12-AUG-2004 | PREARRAIGNMENT DISP CONFERENCE | 6D. |

- Impossible, counsel was not appointed until 9-14-04 ?
- The document defendant recieved on 7-29-04 @ ARRAIGNMENT reflects; Pre ARRAIGNMENT CONFERENCE, 9-30-04 5-6
- Furthermore, defendant did not get Transported to Court [redacted] he stayed at The A.C.F. and appeared @ video court, 8-12-04

(b) - Even Though MARK SMITH Knew his client had been arrested for violating A NO-CONTACT-order issued pursuant To 12-29-4, when This defendant finally gets a copy of The Criminal Information he is charged with a different statutory offense, 13-15-3 and so were The D.O.C. records. changed to reflect; "VIOL. RESTRAINING ORDER".

(c) - MARK SMITH does not show up on 11-9-04, Attorney General STEVEN A. RESINE orally withdraws The 46 g+e and Rule 42(b).

(d) - ON 11-30-04, MARK SMITH has filed a motion To withdraw That has no-case # on it. Defendant is [redacted] Transported To The 6th District Court but does not leave The lower cell area and is returned To The A.C.F. Later records reflect;

6204-18930 EVENTS

| DATE | EVENT | Judge |
|---|---|---|
| 23-NOV-2004 | MOTION TO ATTACH WAGES CONTINUED FOR FURTHER HEARING. | |

30-NOV-2004 MOTION

MOTION GRANTED.

IT APPEARS THAT EX-ATTORNEY GENERAL, MARK SMITH IS STILL WORKING FOR THE AG'S OFFICE.

(e) - ON OCTOBER 14TH 2004 DEFENDANT WAS ARRAIGNED IN 5-G MACATEE AND 6204-14367 BECAME P204-3106A. BUT ON NOVEMBER 9TH [redacted] 2004 THE DAY I WAS TO BEGIN MY DEFENSE OF THE BAIL VIOLATION AND CRIMINAL CONTEMPT HEARING;

1- MARK SMITH DOES NOT SHOW UP;

2- DETECTIVE NAPOLEAN GONSALVES DOES AND SAYS, "ARE WE STILL HAVING A HEARING?",

3- AG STEVEN REGINE ORALLY MOVES TO WITHDRAW THE VIOLATION AND RULE 42(b) HEARING,

4- AND JUDGE PATRICIA MOORE GRANTS IT.

HOW? 6204-14367 WAS NO LONGER IN THE COURTS COMPUTER SYSTEMS. I GOT THE PRINTOUTS ON 10-19-04.

"THIS IS CORRUPTION OF THE HIGHEST LEVEL".

V. DECEMBER 7TH 2004. COURTROOM #9 PROVIDENCE SUPERIOR COURT, JUDGE SUSAN MCGUIRL. MARK SMITH IS ALLOWED TO WITHDRAW. AT THIS TIME I TOLD JUDGE MCGUIRL I WOULD BE TAKING CONTROL OF MY OWN DEFENSE AND THAT ANY COUNSEL SHE APPOINTED WOULD BE CO-COUNSEL OR STANDBY. I FILED A 24 PAGE MOTION TO DISMISS/QUASH THE CRIMINAL INFORMATION P204-3106A - 6204-14367 AND 6204-18930 WHICH WOULD BECOME P205-0362A.

This was an extensive motion on numerous grounds claiming several matters of first impression and alleging several fatal Constitutional Violations. Judge Susan McGuirl had the clerk file and certify it before placing it on the docket. On this same day she ordered AG Steven A. Regine to file a response to ~~my~~ motion and Joseph Decaporale was appointed. I asked that my motion be heard within 10 bussiness days (as per Rule 6 of The ~~Civil~~ Rules of procedure) even though The Criminal Rules of procedure only require 5 days notice. She denied this and said she would schedule it for January.

January 13th 2005. I am transported to Court but I never leave the lower cell area. I would later find out for some reason still unknown to me Kenneth C. Vale is appointed instead of Joseph Decaporale.

I first meet Kenneth C. Vale on February 28th 2005 when I am re-arraigned on the stalking charge 6204-18930 becomes P205-0362A. Before Magistrate William Macatee in Courtroom 5-G.

Previously Magistrate William Macatee had made an 11-35-17 allegation a 3rd time felony domestic 1 day prior to my release and raised my bail while I did not have counsel present. (11-35-17 is not a domestic).

On October 14th 2004, even though I was not found to be a bail violator he revisited and raised my bail because I refused to sign court documents telling him, your Court's tampered with enough of my records. This was after he arraigned me on a Criminal Information that was supported by a perjurous affidavit and narrative signed and sworn to be the truth by Asst. Attorney General Steven A. Regine and

Pawtucket Detective Napolean Gonsalves.

Even Though I am prose I am not allowed back into a Courtroom until April 5th 2005. When I ask Kenneth Uale why I am not being brought in [redacted] even Though I filed 23 sets of motions and several habeas's, he says, Judge McGuirl won't let you represent yourself on The violation of a No-Contact-Order charge. P204-3106A. This is in violation of, State v Brown, 549 A2d 1373 (R.I.); State v. Taylor, 562, A2d 445, (RI); State v. Kennedy, 702 A2d 28 (1997 R.I.); State v. Kennedy 586 A2d 1089 (RI); State v. Costa, 604 A2d 329 (1992 RI); State v. Gatone, 698 A2d 230 (1997 RI); as well as, McKaskle v. Wiggins, 465 U.S. 168 and Faretta vs. California, 422. U.S. 806; 95 S.Ct. 2525; 45 LEd 2d 562; (1975).

On March 10th 2005, I made a video appearance where my Counsel Kenneth C. Uale is in Court with Judge Hurst. She is made aware of The numerous motions I have filed and suggest They be heard. However, my own attorney Tells her we should wait until AG. Regine is There. But, I have To Tell her on my own That I am not being brought To Court and AG. Regine has not filed a response To my December 7th 2004 motion To Dismiss/Quash as Judge Susan McGuirl had ordered.

VI. April 5th 2005, On This date I am Transported To Court and finally appear before Judge Susan McGuirl who asks me if I have my copies of The motions I claimed were not docketed in my motion To dismiss. I read Them into The record as I surrendered Them To The Clerk To be placed in The file. To This date none have been docketed or heard.

Before This hearing concluded I asked Judge McGuirl To approve my motion To proceeh forma-pauperis and affidavit and Request for Transcripts, she said NOT NOW. I am now being denied my right To obtain witnesses and evidence in my favor and To engage in The compulsory process necessary To provide a defense, in violation of Article 1 § 10 of The Rhode Island Constitution and The 6th U.S.C.A. Amendment.

Citing Faretta v. California. page 7, Right Column, Area 3. 1975 LEXIS 83. Because These rights are basic To our adversary system of Criminal Justice, They are part of The "due process of law" That is guaranteed by The 14th Amendment To The dependants in The Criminal Courts of The States. n.14 The Rights To notice, [**2253] confrontation, and compulsory process, when Taken Together, guarantee That a criminal charge may be answered in a manner now considered fundamental To The fair administration of American Justice -- Through The calling and interrogation of favorable witnesses, The cross examination of adverse witnesses, and The orderly introduction of evidence. In short, The amendment constitutionalizes The right in an adversary Criminal Trial To make a defense as we know it.

NOTE:

I was denied These rights once already on September 3rd 2003, by Judge Michael Forte and The female clerks of The Rhode Island Family Court Providence. which is The subject matter of 04-170-S in The United States District Court where Magistrate Judge Lincoln D Almond and William E. Smith are Trying To cover up illegal inducements

And a "sham" of a Trial granting Barbara E. Cayer a divorce Through the abuse of the powers of the Federal Witness protection program by Barbara E. Cayer's friend, Ex-Cumberland Police Chief, Ex-Public Safety Director Providence Police, and Ex-U.S. Marshall, JOHN PARTINGTON who I have seen with my wife Twice.

VII. On May 2nd 2005, my motion to Dismiss/Quash P204-3106A, 6204-14367 and 6204-18930 which has now become P205-0362A is scheduled and docketed to be heard by Judge Susan McGuirl. However, I am brought into Courtroom #10 before Magistrate Joseph Keough, where the following occurs.

I bring to his attention that for the purposes of this motion Judge McGuirl has Joined the no-contact order allegation and the stalking allegation. He replied, "I don't care what she did we are only here today on P204-3106A This arrogance is contrary to the 1st Circuits decision in havasseur, which held; The havasseur court agreed with the government and noted that unlike jury issues, a decision by one judge involving the same parties can and should bind another judge who is later faced with deciding the same question pursuant to the same governing law. Id at 981. (States v havasseur, 699 F-Supp 965, 980 (D. Mass).

I began oral argument, Attorney General Steven Regine in his answer to my motion claimed, "Quote", The State declines to address any of the defendant's allegations

Case 1:05-cv-00109-S-LDA Document 5 Filed 07/22/2005 Page 12 of 19


regarding due process violations, prosecutorial misconduct, abuse of discretion, and presumption of vindictiveness, as these are inappropriate grounds to move to Dismiss a Criminal Information. At that time I brought to the attention of the Court, State of Rhode Island v Juan Tilson and Prosecutorial Misconduct 2nd Ed. Gershman Thompson/West § 4:64; Vindictive Prosecution - Presenting The Claim - When raised: A claim of vindictive prosecution ordinarily is raised by a pre-trial motion to dismiss the Indictment or added counts. (U.S. v. Gallegos-Curiel, 681 F2d 1002 (1st Cir 1979). I then went on to explain that because AG. Steven Regine had declined to rebutt my claim of vindictiveness I had prevailed as I had established a prima-fascie-claim of vindictiveness. Magistrate Keough asked me where I got that from and I responded, Only by showing actual vindictiveness[5] (State v Halling 66 Or. App 180 673, P2d 1386 (1983) or very compelling circumstances raising a presumption of vindictiveness which the prosecutor does not rebutt,[6] may a defendant hope to succeed on a claim. (U.S. v. Meyer, 810 F2d 1242 (DC. Cir 1987).

At about this time two things of importance happened, #1, Magistrate Keough said, "verbatim"; I said yes your honor. (They've been tampering with my transcripts). It was then brought to his attention that because of the double-jeopardy and Collateral Estoppel issues there were two § 2254 petitions filed in the U.S. District Court, 04-361-S and 05-109-S.

He then stated he lacked jurisdiction and the following agreement was reached.

If I waived my Speedy Trial rights he would remove me from The pre-Trial and Trial Calenders and relinquish Jurisdiction To The Two § 2254 petitions in The US District Court.

AT This Time I brought To his Attention That There were already Speedy Trial implications as I had filed at least 3 motions To reduce bail, 1 motion for pretrial release, [redacted] 3 motions for a Rule 5c preliminary hearing, and engaged in a Two day Bail revocation and Criminal Contempt [redacted] PROSECUTION.

Magistrate Keough Then stated, you can't have it both ways. Stuck with a "Hobson's" choice either have my double-Jeopardy Rights violated or have my Speedy-Trial rights violated I stated, I will Take responsability from This day forward. I cannot be forced To give up one Constitutional Right in order To vindicate another.

VIII. (May 19th 2005.)

I have 22 To 25 motions (pre-Trial) filed in The Providence Superior Court. Even Though I am prose I am not being brought in on my properly filed Habeas Corpus Petitions. On 5-19-05, I had filed motions before Judge Susan McGuirl However, on This day The sherrifs Take me To Judge Mark Pfeffer's Courtroom where he Tells me he is not bound by Magistrate Keough's decisions. (again see, Lavasseur Court) Attorney General Steven Regine who had recieved adverse decisions from Judge Susan McGuirl, Judge Patricia Hurst, and Magistrate Joseph Keough had manipulated The docket To put These cases back on The pre-Trial and Trial calenders while preventing my motions from being heard.

I brought all That Transpired before Magistrate Keough

Case 1:05-cv-00109-S-LDA Document 5 Filed 07/22/2005 Page 14 of 19


ON MAY 2ND 2005, TO Judge PFIEFFER'S ATTENTION AS Well AS The MANIPULATION OF The docket. He IGNORED This AND replied, when Judge SUSAN McGUIRE WANTS TO hEAR YOUR MOTIONS she'll call YOU IN.

NOTE: ON December 17th 2004, Judge SUSAN McGUIRE REMOVED P204-3106A AND 6204-18930 FROM The pre-TRIAL AND TRIAL CALENDERS because of The double-Jeopardy AND collateral Estoppel implications. which require A STAY IN The proceedings while A direct appeal is allowed in The Rhode Island Supreme Court.

Joseph Decaporale WAS REPLACED WITH KENNETH C. Uale AND ONCE AGAIN These 2 ALLEGATIONS WERE RE-placed back ON The pre-Trial AND Trial CALENDERS. When Judge McGUIRE found This out ON April 5Th 2005, she ONCE AGAIN REMOVED P204-3106A AND P205-0362A FROM The pre-Trial AND Trial CALENDERS.

While Judge MARK PFIEFFER MAY NOT be bound by A MAGISTRATE'S decision he is most certainly bound by ANOTHER Judges decision. (AGAIN see LAVASSEUR COURT). All of This WAS brought To his ATTENTION.

I refiled motions for JUNE 2nd 2005, AND ONCE AGAIN I AM TAKEN by The sherriffs before Judge MARK PFIEFFER INSTEAD OF Judge SUSAN McGUIRE ON my MOTIONS.

I CAME RIGHT OUT AND ACCUSED AG. STEVEN REGINE AND The Clerks of CRIMINALLY MANIPULATING The docket To prevent my motions from being heard. Judge MARK PFIEFFER SAT There AND ACTED like This WAS A scheduled pre-Trial CONFERENCE AND Then refused To give me A CURRENT copy of The Criminal docket reports for P204-3106A AND P205-0362A even Though I WAS pro se.

At This Time I Told Mark Pfeffer I needed The appointment of counsel as Judge Susan McGuirl had allowed Kenneth C. Vale To withdraw upon his own motion on April 5th 2005 but we had not yet addressed re-appointment of Counsel as Standby or Co-Counsel.

Judge Mark Pfieffer Then contradicts himself when he says, "I am not going To double-guess any of Judge McGuirl's decisions" Judge McGuirl has removed These 3 actions from The pre-Trial and Trial Calenders Twice.

Judge Mark Pfieffer has violated my Rights To Counsel. Citing Loper v. Beto 405. U.S. 473; 92 S.CT. 1014; 31 LEd 2d 374; (1972) relying on Gideon v Wainright, 372. U.S. 335) [***HR3] The starting point of considering This question is, of Course, Gideon v. Wainright, In That case The court unanimously announced a clear and simple Constitutional Rule: In The absence of a waiver, a felony conviction is invalid if it was obtained in a court That denied The defendant The help of a lawyer. n9

On June 3rd 2005, This defendant aquired The Criminal docket reports for P204-3106A and P205-0363A That Judge Mark Pfeiffer had denied him and There is no listing of a Court appearance scheduled for That day. This means The defendant had been habeased in on his motions as The D.O.C. records reflect. [06-03-2005 10 COURT APPEAR - P204-3106A UPDATED.] But what is most Troubling is There are no actions or Events on P204-3106A since April 7th 2005 when Vale's motion To withdraw had been granted. No May 3rd 2005 appearance before Magistrate Keough —

even Though D.O.C. records reflect, [05-02-2005 10 COURT APPEAR P204-3106A, P205-0362A UPDATED] May 19th 2005 is reflected in The Criminal Docket Reports as 19-MAY-2005 PRE-TRIAL CONFERENCE P PFIEFFER, Judge. AG STeven Resinc had manipulated The dockets To Keep This defendant's motions from being heard by Judge Susan McGuirl.

Niether docket reflects The June 2nd appearance where Judge Mark Pfieffer acted like This was a scheduled pre-Trial conference. Once again Asst Attorney General STeven Resinc had criminally manipulated The dockets.

IX. Why would Attorney General STeven A. Resinc commit Perjury in a criminal Information, Tamper with The Attorney Generals B.C.I. Records, and Criminally Manipulate The dockets against This defendant?

"VINDICTIVENESS" is violative of The first essential of due-process. (N. Carolina v Pearce v Rice).

(a) – see The video Tape of The March 10th 2005 appearance before Judge Patricia Hurst. On July 30th 2003, on Case # P202-3625A This defendant was To appear in Court for what his counsel Mary June Ceresi had Told him was pre-Trial motions, his pre-Trial motion To dismiss.

This defendant had only met with Mary June Ceresi once prior To This appearance. When Mary June Ceresi came down To The cell block she said, where are your court clothes? We are going To Trial. (NOTE: The D.O.C. had Thrown my brand new court clothes and shoes out and dressed me in [redacted] oversized prison clothes. NOTE #2. On The way

To court A State Marshall Took All my legal work and evidence off me and I had To have his LT. get IT back for me.

But I was Tipped off as To what was about To happen. #1 my daughter was served with a subpoena and #2 a correctional officer friend of mine Told me.

I was brought up into Courtroom #15 or 18 where Attorney General Steven Regine was waiting To start Trial with Detective Charles Devine, Barbara E. Cyer, and Krystyn M. Cesini. 3 seperate attempts were made That day To railroad me into a Trial with no witnesses on my behalf.

In The end not only was This case 48 A'd I proved There was no such Thing as a "Domestic" Threatening, Harrassing, or Crank and Obscene-phone call. Yet To This day it is still on The D.U.S.A forms and if They can get away with it The Attorney Generals are still charging defendants with it and using it for 3rd Time felony enhancement pursuant To 12-19-5. A.F.G.h.

(b) – After AG. Steven Regine presented me as a 46 G+E and Rule 42(b) criminal contempt violator and fully litigated The stalking allegation on 10-7- and 10-12-2004. I beat him for The second Time and changed bail violation procedures. Now The 46 g+e and Rule 42(b) is worded 46 g+e and/or Rule 42(b) To avoid double jeopardy.

(c) – This brings us To The final reason Asst Attorney General Steven A. Regine has pulled all These criminal dirty Court Tactics.

Citing our Rhode Island Supreme Court in State v. Authur Godette 751 A2d 743; 2000 page 5 of 7, II The Collateral Estoppel Claim.

PAGE 18 OF 19

pertinant parts: We preface our analysis of the matter by noting That we have jurisdiction over This appeal pursuant To Abney v United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed 2d 651 (1977) HN2. Ordinarily a denial of a motion To dismiss is not A Final Judgement from which an appeal may be Taken. However, when The [*746] motion To dismiss is based upon double Jeopardy and Collateral Estoppel grounds, we allow an immediate appeal. State v. Wiggs, 635 A2d 272, 275 (RI 1993).

This is why Magistrate Joseph Keough and Asst AG. Steven Regine switched what was supposed To be my argue-ment of The 24 page motion on May 2nd 2005 To have The records reflect, Denied - P205-0362A.

This is also why Magistrate Joseph Keough was shocked when I read my Oral Argument "verbatim" so you cannot change The Transcripts.

It is absolutely clear That circumstances exist That every Judge in Rhode Island is going To violate and or ignore Rhode Island's Rules of Procedure, Ignore Rhode Island Precedent, as well as well established U.S. Supreme Court precedent and as such circumstances exist That render such process - ineffective To protect The U.S. Constitutional Rights of This Applicant.

[W]herefore, This Petitioner moves This Honorable U.S. District Court for Removal and any other such and further relief deemed meet and just under The prevailing circumstances.

Case 1:05-cv-00109-S-LDA Document 5 Filed 07/22/2005 Page 19 of 19 Page 19 of 19.

Dated July 17th 2005

Respectfully Submitted,

James J. Silva

James J. Silva - 66350
ISC. 1E-307- Bottom
PO. Box 8249
Cranston, RI
02920

: CERTIFICATION :

I do hereby certify That The Rhode Island Department of Corrections has arbitrarily instituted policy That delays my access To The Courts and as soon as I can either rewrite A hand written copy or of This 19 page motion or get A photocopy of it I will immediately mail A copy To The Office Of The Attorney General c/o AG. Aaron Weisman and Steven Regine 130 South Main St; Providence, RI. 02903. I am working on That copy.

James J. Silva

FILED
2005 JUL 22 A 10:33
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND