UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES J. SILVA,
*Plaintiff,*

vs. C.A. No. 04-361-S

JUDGE MICHAEL HIGGINS, CITY OF PAWTUCKET, and THE OFFICE OF THE ATTORNEY GENERAL,
*Defendants,*

**DEFENDANT, CITY OF PAWTUCKET'S MOTION TO DISMISS THE AMENDED PETITION OF THE PLAINTIFF**

Now comes the defendant, City of Pawtucket and in accord with this Court's Order of July 29, 2005, responds to the plaintiff's initial petition (Doc. 1); the "amended complaint, petition for writ of habeas corpus and federal question" (Doc. 5) and the "supplement to amended petition, affidavit and memorandum dated September 16, 2004" (Doc. 7) hereafter considered as the amended petition. Defendant, City of Pawtucket moves to dismiss the amended petition for the reasons set forth in the accompanying memorandum of law.

Defendant,
By its attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid on this 11th day of August 2005 to:

Assistant Attorney General Richard Woolley
R.I. Dept. of Attorney General
150 South Main Street
Providence, RI 02903

James J. Silva-66350
ISC J-12-Bottom
PO Box 8249
Cranston, RI 02920

Laura Sousa

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES J. SILVA,
*Plaintiff,*

vs. C.A. No. 04-361-S

JUDGE MICHAEL HIGGINS, CITY OF PAWTUCKET, and THE OFFICE OF THE ATTORNEY GENERAL,
*Defendants,*

**DEFENDANT, CITY OF PAWTUCKET'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED PETITION**

## I. INTRODUCTION

On July 29, 2005, this Court issued an Order directing the defendants to serve an answer or otherwise respond to the plaintiff's "amended petition". Three separate pleadings filed by the plaintiff make up the "amended petition". The pleadings are:

1. The initial petition (Doc. 1); the "amended complaint, petition for writ of habeas corpus and federal question" (Doc. 5); and the "supplement to amended petition, affidavit and memorandum dated September 16, 2004" (Doc. 7).

This defendant now moves to dismiss the "amended petition".

## II. A SUMMARY OF THE ALLEGATIONS AND CLAIMS MADE IN THE "AMENDED PETITION"

The plaintiff is alleging that his confinement at the A.C.I. is unlawful. He claims that he was arrested based on a complaint that he had violated a no contact Order when in fact he was not a party to a no contact Order. He seeks release from his confinement.

## III. BACKGROUND FACTS

On February 15, 2002, Barbara Kayer and the plaintiff appeared before Magistrate Sammartino in the Rhode Island Family Court. Ms. Kayer requested a protective Order against

the plaintiff and Magistrate Sammartino granted the request. Among other conditions, the defendant [was] restrained and enjoined from "contacting, assaulting, molesting or otherwise interfering with plaintiff at home, on the street or elsewhere". The Order indicates that it is to remain in effect until February 15, 2005. On July 27, 2004, Ms. Kayer filed a complaint with the Pawtucket Police Department indicating that on that day the plaintiff had contacted her by phone. The plaintiff was arrested on July 28, 2004, by North Smithfield and transported to Pawtucket.

The criminal docket sheet report for Superior Court Criminal Case P2-2004-3106A indicates that on July 29, 2004, cash bail was set at $1,000. The plaintiff was unable to post bail and so was held, accordingly. On September 16, 2004, the criminal docket sheet report indicates that the plaintiff was held without bail as a violator. Thereafter, on October 8, 2004, the Attorney General's Department filed an information charging the plaintiff with a violation of a protective Order pursuant to R.I.G.L. 15-15-3. On that charge the plaintiff was arraigned, pled not guilty and bail was set at $2,000, cash. The plaintiff's case was passed for trial on March 15, 2005, and the criminal docket sheet report does not indicate that the plaintiff has received a trial as of yet.

It also appears that the plaintiff is not currently represented in the criminal matter.

## IV. ARGUMENT

*A. This defendant is not the proper party for this habeas corpus petition*

The amended petition seeks the relief of being released from confinement at the A.C.I. This defendant, the City of Pawtucket, is not the proper party in this action because it does not have the ability to carry out the relief requested by the plaintiff. In addition, it was not the entity that ordered the plaintiff to be incarcerated.

*B. The plaintiff has not exhausted the remedies available in the Courts of the State*

*28 USC 2254* indicates that:

> "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that- (A) the applicant has exhausted the remedies available in the Courts of the State; or …."

Here, the plaintiff has not shown that he has exhausted any of the remedies available in the State Court regarding his claim that he is being held unlawfully.

Under Rule 9.1 of the Superior Court rules of criminal procedure the plaintiff as a defendant in a criminal matter has the right, within 30 days after being served with a copy of the information or at such later time as the Court may permit to move to dismiss on the ground that the information fails to demonstrate the existence of probable cause. The criminal docket sheet indicates that the plaintiff has not made such a motion.

In addition, it seems that a plaintiff has acquiesced in his case being passed for trial.

Also, Rule 46 of the Superior Court rules of Criminal Procedure (i) entitled "Supervision of Detention Pending Trial" indicates that the Superior Court shall exercise supervision over the detention of defendants and that the Attorney General shall make a biweekly report to the Presiding Justice indicating why a particular defendant is still held in custody. The plaintiff, as defendant in a State criminal case, retains the right to question the conditions of his bail through the State Court process. He has not done so in this matter.

## V. CONCLUSION

For the reasons stated, defendant, City of Pawtucket respectfully moves that it be dismissed from the plaintiff's "amended petition".

Defendant,
By its attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid on this 11th day of August 2005 to:

Assistant Attorney General Richard Woolley
R.I. Dept. of Attorney General
150 South Main Street
Providence, RI 02903

James J. Silva-66350
ISC J-12-Bottom
PO Box 8249
Cranston, RI 02920