UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES J. SILVA, Petitioner | : | |
| vs. | : | C.A. No. 04-361-S |
| JUDGE MICHAEL HIGGINS, CITY OF PAWTUCKET, and THE OFFICE OF THE ATTORNEY GENERAL, Respondents | : | |

**RESPONSE OF DEFENDANT JUDGE MICHAEL HIGGINS TO "SILVA'S AMENDED PETITION"**

Now comes counsel for the Honorable Michael Higgins and responds to "Silva's Amended Petition" as follows:

I. This Court Lacks Jurisdiction Over Defendant Judge Higgins.

Petitioner Silva has failed to comply with the Provisions of FRCP 4 (c), FRCP 4 (e) and FRCP 4 (j) and therefore this Court lacks jurisdiction over Judge Higgins in his official capacity and in his individual capacity. Counsel respectfully submits that the clerk's mailing of copies of the "Amended petition" and related papers to the Department of Attorney General does not satisfy the requirements of FRCP 4. It is counsel's understanding that Judge Higgins has never received "Silva's Amended Petition".

II. Petitioner Lacks Standing to Represent Anyone Other Than Himself in This Matter.

Petitioner purports to represent a number of other inmates in this case. Petitioner

has no right or standing to represent others in this matter and his "Motion for Class Action" should be denied. Shaw v. Murphy, 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001).

III. Petitioner's 42 U.S.C. 1983 Claims Should be Dismissed.

In an action for damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Petitioner must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Neither Petitioner's conviction nor his sentence has been invalidated. Any determination by this Court in this proceeding that the Petitioner's rights were violated would necessarily call into question the validity of Petitioner's conviction and sentence. That is something this Court cannot do here. Thus, Petitioner's 1983 Complaint should be dismissed.

IV. Judge Higgins Has the Protection of Absolute Judicial Immunity In This Action.

Even taking the allegations against him as true, all actions taken by Judge Higgins against or in relation to Petitioner Silva were taken in the Judge's judicial capacity, in open court, from the bench in regard to Silva's criminal conduct and alleged violations of various restraining orders. Judge Higgins clearly had jurisdiction to consider and rule on the issues before him regarding Petitioner Silva. Judge Higgins has the benefit of absolute judicial immunity in this action. Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286 116 L.Ed.2d 9 (1991).

**WHEREFORE,** as to Defendant Judge Michael Higgins, the Amended Petition should be denied and dismissed.

Respectfully Submitted,

DEFENDANT,
JUDGE MICHAEL HIGGINS
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Richard B. Woolley

Richard B. Woolley (#1452)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, ext. 2293
Fax: (401) 222-2995

CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of the within Response of Defendant Judge Michael Higgins to "Silva's Amended Petition", postage prepaid, first class mail, on this 11th day of August, 2005 to:

Carol Collins

James J. Silva
P.O. Box 8249
Cranston, RI 02920