UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES J. SILVA                          :
                                        :
        v.                              :        C.A. 04-361S
                                        :
JUDGE MICHAEL HIGGINS, CITY OF          :
PAWTUCKET, and THE OFFICE OF THE        :
ATTORNEY GENERAL                        :

## REPORT AND RECOMMENDATION

Plaintiff, James J. Silva ("Silva"), filed his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 23, 2004 (Document No. 1), which was amended on September 21, 2004 (Document No. 5) and on September 22, 2004 (Document No. 7) (collectively these three documents comprise the "Amended Petition"). Pursuant to Rules 4 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts, District Judge William Smith issued an Order on July 29, 2005, requiring the Defendants to answer the Amended Petition and to specifically address several discrete issues. In due course, Defendants, State of Rhode Island, City of Pawtucket and Judge Michael Higgins filed motions to dismiss the Amended Petition. (Document Nos. 43, 44, 50 and 51). On September 7, 2005, this matter was referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule of Court 32(c)(1). The Court has determined that no hearing is necessary. After reviewing the memoranda submitted, and performing independent research, I recommend that the Motions to Dismiss of the State of Rhode Island, City of Pawtucket and Judge Michael Higgins (Document Nos. 43, 44, 50 and 51) be GRANTED and Silva's Petition for Writ of Habeas Corpus be Dismissed.



## Facts

On July 27, 2004, Silva allegedly attempted to make a phone call to his ex-wife's current boyfriend. Instead, however, he spoke to his ex-wife, and he allegedly swore at her on the phone. Following the telephone conversation, his ex-wife contacted the police, claiming Silva's behavior violated a state court no-contact order.

After the Pawtucket Police Department received Silva's ex-wife's complaint, it contacted Silva and asked if he intended to pursue an unrelated, but pending, internal affairs investigation. Silva indicated that he did intend to pursue the investigation, and he voluntarily entered the Pawtucket Police Station. Once at the Station, however, he was taken into custody for violation of a no-contact order and was detained, pursuant to R.I. Gen. Laws §12-29-3, pending an appearance the following day in the Rhode Island District Court.

On July 29, 2004, Silva was presented in the Rhode Island District Court on a felony complaint for violation of the no-contact order. At that hearing, however, it was discovered that Silva was actually subject to a Rhode Island Family Court Order of Protection (the "Protection Order"), and not a no-contact order. Accordingly, the felony complaint was amended in court that day, and the District Court set cash bail of $1,000.00. The court also imposed a no-contact order as a condition of bail.

Silva did not post bail, and was subsequently held at the A.C.I. pending trial. While awaiting trial, Silva wrote several threatening letters to his ex-wife's current boyfriend. Due to the nature of those letters, the State alleged that Silva had violated conditions of his bail in that "he failed to keep the peace and be of good behavior," and also that he had committed the substantive offense of stalking (R.I. Gen. Laws § 11-59-2). At that point, Silva had three pending charges: (1) violation

-2-

of the Protection Order; (2) violation of the bail conditions; and (3) stalking. The three cases then progressed through the state district and superior courts.

In his Protection Order case, Silva was arraigned in Rhode Island Superior Court on October 14, 2004, and $2,000.00 cash bail was set. At that hearing he was represented by Attorney Mark Smith. Attorney Smith moved to withdraw on November 4, 2004, and that Motion was granted on December 7, 2004. The court then appointed Attorney Kenneth Vale to represent Silva on January 14, 2005. Attorney Vale entered his appearance on January 28, 2005. Then, on April 7, 2005, Attorney Vale moved to withdraw from the case apparently due to threatening correspondence received from Silva. Attorney Vale's Motion was ultimately granted. Currently, the charge regarding the violation of the Protection Order is pending on the Rhode Island Superior Court's trial court calendar. According to this Court's review, Silva was recently appointed new counsel in that case, but no further action has been taken.

Turning next to the bail violation case, Silva was presented in the Rhode Island District Court on September 16, 2004 and was held pending a hearing. The hearing commenced on October 12, 2004, and the State presented its case. At the hearing, Silva was represented by his former attorney, Mark Smith. At the close of the State's case, the hearing was continued for presentation of Silva's case. As noted above, however, on November 4, 2004, Attorney Smith moved to withdraw as counsel and to "suspend" the bail violation hearing. On November 9, 2004, the State opted not to pursue the bail violation allegation and withdrew its charges against Silva, apparently over Silva's objection. There are no pending or unresolved matters in the bail violation case, as the entire matter was dismissed by the State.

-3-

Finally, in the stalking case, Silva was arraigned in Rhode Island District Court on October 7, 2004, and was represented by Attorney Smith. At that hearing, $2,000.00 cash bail was set. Attorney Smith's Motion to Withdraw was granted on December 7, 2004. Attorney Kenneth Vale represented Silva beginning on January 28, 2005. On February 28, 2005, Silva was arraigned in Rhode Island Superior Court, and $2,000.00 cash bail was set. At Petitioner's request, Attorney Vale represented Petitioner only as stand-by counsel. Nevertheless, Attorney Vale filed a Motion to Dismiss the stalking complaint in March 2005. The State responded to the Motion to Dismiss on March 30, 2005. As previously noted, Attorney Vale moved to withdraw from the case, and his Motion was ultimately granted. Petitioner then opted to proceed *pro se*, and the matters were placed on the Superior Court's trial calendar for July 2005. Apparently, Petitioner changed his mind, and subsequently requested appointment of another attorney. Pending appointment of such attorney, there have not been any further proceedings in the state court regarding the stalking charge. Therefore, this case is currently pending in the Rhode Island Superior Court.

**Standard of Review**

As a threshold matter, Petitioner has not met the most basic requirements for bringing forth a Petition for Writ of Habaes Corpus under 28 U.S.C. § 2254. First, § 2254 relief is available only to a "person in custody pursuant to the judgment of a State court." See 28 U.S.C. §§ 2254(a), (b)(1) and (d). There is no state court judgment in any of Petitioner's three challenged cases. The bail violation charge was withdrawn and dismissed, and the other two cases are pending. In fact, Petitioner does not assert that there is a valid judgment, he only asserts that the various actions taken

-4-

by Respondents thus far have violated his constitutional rights. Therefore, absent a state court "judgment," there is no cognizable basis for an action under Section 2254, and I recommend that his Petition be dismissed in its entirety for this reason.

Second, Silva has failed to meet another basic requirement for petitioning for relief under Section 2254. He has not "exhausted the remedies available in the courts of the State" as required under 28 U.S.C. § 2254(b)(1). As noted above, Silva has not obtained a valid judgment on his underlying charges, much less exhausted his appeal rights in the state courts. Because he has failed to exhaust his remedies in state court, I also recommend that his Petition be dismissed in its entirety.

Although these procedural deficiencies alone are sufficient grounds to dismiss the case, the substance of the requests made in Silva's Petition provide additional reasons that the Petition be dismissed. The gist of Petitioner's request is that the Court either (1) find his state prosecution unconstitutional due to the failure to afford him a probable cause hearing; or (2) enjoin his prosecution in the state superior court. At this stage, the relief requested is simply not available. In keeping with a "fundamental policy" of the federal courts, this Court will not interfere with ongoing criminal proceedings in state court. See Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (policy prohibiting federal court to enjoin state court is premised on "proper respect of state functions..."). The First Circuit Court of Appeals has noted that, "[t]he applicability of comity and abstention principles to habeas proceedings is amply demonstrated by the courts' treatment of habeas petitions brought prior to conviction in the state proceedings. With only two exceptions to date, the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues." In re Justices of Superior Court Dept. of Massachusetts Trial

-5-

<u>Court,</u> 218 F.3d 11, 17 -18 (1st Cir. 2000). In the present case, Silva has not provided the Court with any compelling reason to ignore the established and principled doctrines of abstention and comity and to take the extraordinary step of intervening in an ongoing state criminal prosecution.[1] Accordingly, on the basis of <u>Younger,</u> the Court further recommends that the Petition be dismissed in its entirety.

## **Conclusion**

For the reasons stated above, the Court recommends that the Defendants' Motions to Dismiss (Document Nos. 43, 44, 50 and 51) be GRANTED, and Silva's Amended Petition be DISMISSED in its entirety. This Court also recommends that Silva's numerous other pending Motions (Document Nos. 30, 32, 35, 38, 39, 40, 41, 42, 52, 55 and 56) all be DENIED as moot in view of this recommended disposition and that Final Judgment be entered in favor of Defendants. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); Local Rule 32. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and

---

[1] Silva's attempts to invoke the double jeopardy and speedy trial exceptions to <u>Younger</u> abstention are also misplaced. The purpose of a bail revocation hearing is to determine whether a defendant has breached a condition of his bail as set by the court and not to prosecute a defendant for a distinct criminal offense. <u>See</u> <u>U.S. v. Colon-Osorio,</u> 10 F.3d 41, 45-46 (1st Cir. 1993) (prosecution for being fugitive in possession of firearms was not barred on double jeopardy grounds by earlier bail jumping conviction based on same facts). Thus, Silva was not placed in double jeopardy by the withdrawn bail violation matter. <u>Cf.</u> <u>State v. Tucker,</u> 747 A.2d 451, 455 (R.I. 2000) (double jeopardy not triggered by probation violation hearing). As to the speedy trial issue, it appears that any delay in resolving Silva's state criminal matters is due in part to his conflicts with his appointed attorneys and apparently his request, on at least one occasion on May 2, 2005, to delay those proceedings pending resolution of his habeas petitions in this Court. <u>See also</u> <u>In re Justices,</u> 218 F.3d at 18 n.5 (any request for dismissal on speedy trial grounds in habeas petition "must await the conclusion of state proceedings").

the right to appeal the District Court's decision.  United States v. Valencia-Copete, 792 F.2d 4 (1ˢᵗ

Cir. 1990).


LINCOLN D. ALMOND
United States Magistrate Judge
November 29, 2005