**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES J. SILVA** | : | |
| | : | |
| **vs.** | : | **C.A. No. 04-361-S** |
| | : | **C.A. No. 05-104-S** |
| **A..T. WALL, ET AL** | : | |
| | : | |

**STATE OF RHODE ISLAND'S RESPONSE IN OBJECTION TO SILVA'S REQUEST FOR STAY**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully objects to Silva's request for a stay.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AAG

**STEPHEN REGINE, # 4691**
**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 12th day of January, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to James J. Silva, at his last known address of P.O. Box 8249, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES J. SILVA** | : | |
| | : | |
| **vs.** | : | **C.A. No. 04-361-S** |
| | : | **C.A. No. 05-104-S** |
| **A..T. WALL, ET AL** | : | |
| | : | |

**STATE OF RHODE ISLAND'S RESPONSE IN OBJECTION TO SILVA'S REQUEST FOR STAY**

Silva requests a stay of the above-captioned cases because of his assertion that the State deliberately misrepresented, in one of its pleadings, the way in which Mr. Silva was brought into the custody of the Pawtucket Police. The State, in its *Memorandum In Support Of Its Motion To Dismiss Plaintiff's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody" And "Civil Complaint § 2254*", stated in footnote 2 that:

> To the best of the undersigned's knowledge and belief, Petitioner arrived into the custody of the Pawtucket Police after being called by such Department and being asked whether he wanted to pursue an unrelated internal affairs investigation, *and then being taken by North Smithfield police* (Petitioner was then living in North Smithfield) *to the Pawtucket Police station.*

(*Id.* (emphasis added).

Mr. Silva correctly states that, in fact, the italicized portion of that assertion is inaccurate, as Mr. Silva, after having been called by Pawtucket Police and then taken by North Smithfield to the North Smithfield Police Department, was in fact then further taken by the *Pawtucket Police*, and not North Smithfield Police, to the Pawtucket Police Station. The State, however, would take strong exception to Silva's suggestion that the State (by incorrectly stating that the North Smithfield, rather than the Pawtucket, Police

took him from the North Smithfield station to the Pawtucket Station) tried to "*intentional[ly] misinform[]*" (Silva's Motion at 2) this Court so as to suggest that Silva had gone to the Pawtucket Police Station voluntarily. Indeed, Silva was equally in police custody whether the North Smithfield Police or the Pawtucket Police drove Silva from the North Smithfield Police Station to the Pawtucket Police Station. His suggestion, then, that the State somehow tried to mislead this Court as to the nature in which Mr. Silva entered the Pawtucket Police, is plainly untenable.

The State would respectfully ask that this Honorable Court deny Mr. Silva's request for stay.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL -**

AAG

**STEPHEN REGINE, # 4691**
**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 12th day of January, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to James J. Silva, at his last known address of P.O. Box 8249, Cranston, RI 02920.